| | |
|---|---|
| Mateo Z. Fowler (CA Bar No. 241295) | Jason S. McManis (Pending *pro hac vice*) |
| mateofowler@mzflaw.com | jmcmanis@azalaw.com |
| MZF LAW FIRM, PLLC | AHMAD, ZAVITSANOS & MENSING, PLLC |
| 12121 Wilshire Blvd. Suite 805 | 1221 McKinney Street, Suite 2500 |
| Los Angeles, CA 90025 | Houston, Texas 77010 |
| Telephone: (281) 546-5172 | Telephone: (713) 655-1101 |
| | |
| | Weining Bai (Pending *pro hac vice*) |
| | wbai@azalaw.com |
| | AHMAD, ZAVITSANOS & MENSING, PLLC |
| | 1221 McKinney Street, Suite 2500 |
| | Houston, Texas 77010 |
| | Telephone: (713) 655-1101 |

*Attorneys For Plaintiff, Never-Search, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEVER-SEARCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | Case No. 4:24-cv-3950 <br><br> **ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Never-Search, Inc. ("Never-Search") files this suit against Defendant Microsoft Corporation. ("Microsoft" or "Defendant") for infringement of United States Patent Nos. 7,388,519, 8,219,318 9,152,981, 9,177,330, 9,599,479, 10,509,810, 11,086,910, and 11,372,903 (collectively, the "Asserted Patents); and alleges, with personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

## THE PARTIES

1.     Plaintiff Never-Search, Inc. ("Never-Search") is a California corporation that holds all rights, titles, and interests in the Asserted Patents. Never-Search has a principal place of business at 10843 Wilkinson Ave., Cupertino, California.

2.     Defendant Microsoft Corporation is a corporation incorporated in Washington with numerous places of businesses in this District, including: 555 California Street, Suite 200, San Francisco, CA 94104; 1288 Pear Avenue, Mountain View, CA 94043 and 744 N. Mathilda Avenue, Mountain View, CA 94043. Microsoft can be served with process by serving their registered agent CSC - Lawyers Incorporating Services, at 2710 Gateway Oaks Dr., Ste. 150, Sacramento, CA 95833.

3.     Microsoft sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services into the stream of commerce that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this patent infringement action pursuant to 2This Court has subject matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over Microsoft because Microsoft has its corporate headquarters in this District, has committed the infringement complained of in this District and throughout the state of California, and regularly conducts business and/or solicits business in this District including selling, using, and offering to sale products and services that infringe Never-Search's Asserted Patents. This Court also has personal jurisdiction over Microsoft because

Microsoft has placed infringing products and services into the stream of commerce, with the expectation they will be purchased and used by customers and California and in this District, such that said customers have purchased and used, and continue to purchase and use, Microsoft's infringing products and services, which has allowed Microsoft to derive substantial benefits from infringing acts in this District and in California.

6. Venue is proper in this District pursuant to 28 U.S.C. §§1391 and 1400(b). Venue is also proper in this District because Microsoft, as alleged above, maintains a regular and established place of business in this District.

## FACTUAL BACKGROUND

**Never-Search's Patented Innovations**

7. Physical geographical maps and their electronic adaptations have historically been the bedrock of mapping technology. That is until Never-Search revolutionized mapping technology by integrating qualitative information associated with nearby points of interest into these traditional geographical maps.

8. Integrating points of interest into mapping technology allows the consumer to digest both geographic mapping information and qualitative information associated to points of interest simultaneously. These points of interest may include any user-inputted or business-inputted locations such as restaurants, gas stations, golf courses, etc. This evolution in mapping technology allowed consumers to rely on a single platform to take care of its traditional geographic mapping needs while concurrently being exposed to qualitative information for each point of interest listed on the map, such as the point of interest's operating hours, available services, costs of services, amenities, ratings, etc. in addition to the business address, phone number, etc.

9. Prior to the recent proliferation of mapping technology that integrates qualitative information for points of interest, Never-Search began developing potential solutions to allow consumers the ability to access qualitative and geographic information concurrently within a single mapping platform.

10. Mr. Keith Kreft, an inventor and avid golfer, began to encounter issues finding

information related to golf courses while traveling as part of his job. In the early 2000s, Mr. Kreft began envisioning a technological mapping architecture that incorporates qualitative information for golf courses without requiring the consumer to constantly switch between querying the internet for a golf course's qualitative information and returning to the traditional geographic map for directions. Moreover, as Mr. Kreft's travels frequently took him to unfamiliar areas, he began to develop a mapping architecture that also included helpful information related to other points of interest, such as coffee shops, hotels, restaurants, etc.

11. In 2003, Mr. Kreft began filing for patents that embodied the innovations that resulted from his extensive work on integrating points of interest with qualitative information into a geographical map. He also started a company, Never-Search, which owned the patents that the USPTO issued covering his inventions. These include United States Patent Nos. 7,388,519, 8,219,318 9,152,981, 9,177,330, 9,599,479, 10,509,810, 11,086,910, and 11,372,903.

12. These patents embodied Mr. Kreft's novel solution by which graphical maps would associate and display qualitative information with points of interest.

13. Mr. Kreft's inventions provide for displaying on a map icons identifying one or more points of interest corresponding to geographical locations of those points of interest while also concurrently displaying qualitative information associated with each point of interest.

14. Along with graphical maps that display and associate qualitative information with points of interest, the Asserted Patents also embody Mr. Kreft's inventions of methods, systems, and applications for updating, enhancing, organizing, and utilizing those maps. The Asserted Patents further disclose organizing and updating the information displayed on the graphical maps through a variety of different means including, for example, updating point of interest information through the participation of business owners or updating the maps by eliciting user-inputted manual updates such as moving point of interest icons.

15. Mr. Kreft was not an inventor in theory alone – he also channeled his revolutionary innovation into the Never-Search for Golf mapping product which garnered praise by the Wall Street Journal, the Florida Golf Magazine, and multiple other publications. In 2008, the Never-Search for Golf travel maps gained national attention in 2008 for accurately mapping all 18,475

golf courses in the nation with detailed information on each, along with driving ranges, golf stores, and instructors. The travel maps also included important information on other points of interest for travelers, such as nearby coffee shops, airports, hotels, and restaurants.

16. Never-Search complied with all applicable marking requirements under 35 U.S.C. §287 by properly marking all, or at least substantially all, travel map products sold by Never-Search with applicable patent numbers.

**Google's Willful Infringement**

17. In 2006, Mr. Kreft met with a representative of Google to introduce the Never-Search inventions. Google's representative David Kramer "I appreciate you sharing your ideas" and promised that Google's "product manager for maps [will] be in touch with you."

18. Microsoft has commercialized a suite of web-based products and services under the brand Bing Maps (hereafter the "Accused Products") which practice the technology invented and patented by Mr. Kreft and Never-Search.

19. Beginning around 2015, representatives of Never-Search began contacting Microsoft to discuss potential license or purchase of the Never-Search patents, after Never-Search learned about Microsoft's Geopoint program. On information and belief, Geopoint is a predecessor infringing web-based mapping technology to the current version of Microsoft's infringing Bing Maps products and services.

20. Despite good-faith efforts from Never-Search, Microsoft never licensed or acquired rights to Never-Search's patents. Instead, Microsoft has continued to make, use, sell, and/or offer for sale the Accused Products without license or other right to do so, as set forth below.

**CAUSES OF ACTION**

**Count I: Infringement of U.S. Patent No. 7,388,519 ("'519 Patent")**

21. All preceding factual allegations above are incorporated as if fully set forth herein.

22. The USPTO duly and legally issued the '519 Patent to Mr. Keith Kreft as the named inventor, who assigned all rights, titles, and interests in the '519 Patent to Never-Search.

23. The '519 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

24. Microsoft has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, the '519 Patent. The infringing acts include, but are not limited to, the make, use, sale, and/or offer to sale of Accused Products that practice the claimed invention of the '519 Patent. For example, Claim 1 of the '519 Patent recites:

> A method, comprising the computer-implemented steps of:
>
> > displaying a graphical map;
> >
> > displaying in the map, concurrently, icons identifying two or more points of interest at graphical locations in the map corresponding to geographical locations of the points of interest;
> >
> > concurrently displaying, over the map, for each of the two or more points of interest at different geographical locations, particular qualitative information associated with the associated point of interest;
> >
> > wherein all the qualitative information for all the points of interest is concurrently displayed in the map;
> >
> > displaying, over the map, for each of the points of interest, an information box comprising the qualitative information for the associated point of interest, a first control which when selected causes displaying a higher level of information in the information box, and a second control which when selected causes displaying a lower level of information in the information box;
> >
> > wherein each of the points of interest is associated with one or more datasets, and wherein different qualitative information is displayed for different datasets.

Microsoft's Accused Products meet the recited elements of the invention claimed above, as shown in the claim chart attached as Ex. 1.

25. Microsoft committed these infringing activities without license from Never-Search. Microsoft's acts of infringement have damaged Never-Search as owner of the '519 Patent. Never-Search is entitled to recover from Microsoft the damages it has sustained as a result of Microsoft's wrongful acts in an amount subject to proof at trial. The infringement of the '519 Patent by Microsoft has damaged and will continue to damage Plaintiff.

26. Microsoft's infringement of the '519 Patent has been willful, and continues to be willful. In addition, or in the alternative, Microsoft's infringement of the '519 Patent is willful at least of the date of the service of this Complaint.

**Count II: Infringement of U.S. Patent No. 8,219,318 ("'318 Patent")**

27. All preceding factual allegations are incorporated as if fully set forth herein.

28. The USPTO duly and legally issued the '318 Patent to Mr. Keith Kreft as the named inventor and Never-Search as the proper assignee, who holds all rights, titles, and interests in the '318 Patent.

29. The '318 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

30. Microsoft has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, the '318 Patent. The infringing acts include, but are not limited to, the make, use, sale, and/or offer to sale of Accused Products that practice the claimed invention of the '318 Patent. For example, Claim 1 of the '318 Patent recites:

> A method, comprising:
>
> storing, in a database communicatively coupled to a data network, a point of interest associated with first location on a geographical map, and information identifying a manager of the point of interest;
>
> receiving map location information associated with the point of interest;
>
> causing to be displayed, based on the map location information, a portion of the geographical map that includes the point of interest, on a computer display associated with the manager;
>
> receiving, from a computer associated with the manager and coupled to the database over the data network, location data that indicates a second location, specified by the manager on the point of the geographical map, of the point of interest;
>
> wherein the second location is different than the first location;
>
> updating, in the database, based on the second location, coordinate data associated with the first location of the point of interest.

Microsoft's Accused Products meet the recited elements of the invention claimed above, as shown in the claim chart attached as Ex. 2.

31. Microsoft committed these infringing activities without license from Never-Search. Microsoft's acts of infringement have damaged Never-Search as owner of the '318 Patent. Never-

Search is entitled to recover from Microsoft the damages it has sustained due to Microsoft's wrongful acts in an amount subject to proof at trial. The infringement of the '318 Patent by Microsoft has damaged and will continue to damage Plaintiff.

32. Microsoft's infringement of the '318 Patent has been willful, and continues to be willful. In addition, or in the alternative, Microsoft's infringement of the '318 Patent is willful at least of the date of the service of this Complaint.

**Count III: Infringement of U.S. Patent No. 9,177,330 ("'330 Patent")**

33. All preceding factual allegations are incorporated as if fully set forth herein.

34. The USPTO duly and legally issued the '330 Patent to Mr. Keith Kreft as the named inventor, who assigned all rights, titles, and interests in the '330 Patent to Never-Search.

35. The '330 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

36. Microsoft has directly infringed and continues to directly infringe the '330 Patent. The infringing acts include, but are not limited to, the make, use, sale, and/or offer to sale of Accused Products that practice the claimed invention of the '330 Patent. For example, Claim 1 of the '330 Patent recites:

> A method comprising:
>
> providing first and second point of interest data sets
>
> receiving update data with respect to said first and second point of interest data sets to create first and second updated point of interest data sets;
>
> selectively providing, through the Internet, for display on a plurality of maps, to a plurality of map display programs, said first or second updated point of interest data sets:
>
> wherein the method is performed by one or more computing devices.

Microsoft's Accused Products meet the recited elements of the invention claimed above, as shown in the claim chart attached as Ex. 3.

37. Microsoft committed these infringing activities without license from Never-Search. Microsoft's acts of infringement have damaged Never-Search as owner of the '330 Patent. Never-

7                                    Case No. 4:24-cv-3950
                                                                            COMPLAINT

Search is entitled to recover from Microsoft the damages it has sustained due to Microsoft's wrongful acts in an amount subject to proof at trial. The infringement of the '330 Patent by Microsoft has damaged and will continue to damage Plaintiff.

38. Microsoft's infringement of the '330 Patent has been willful, and continues to be willful. In addition, or in the alternative, Microsoft's infringement of the '330 Patent is willful at least of the date of the service of this Complaint.

**Count IV: Infringement of U.S. Patent No. 11,372,903 ("'903 Patent")**

39. All preceding factual allegations are incorporated as if fully set forth herein.

40. The USPTO duly and legally issued the '903 Patent to Mr. Keith Kreft as the named inventor, who assigned all rights, titles, and interests in the '903 Patent to Never-Search.

41. The '903 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

42. Microsoft has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, the '903 Patent. The infringing acts include, but are not limited to, the make, use, sale, and/or offer to sale of Accused Products that practice the claimed invention of the '903 Patent. For example, Claim 9 of the '903 Patent recites:

> A mapping system for providing mapping information to a plurality of users with a plurality of computing devices over the Internet, comprising:
>
> one or more databases storing said mapping information comprising: map layer information, points of interest information, and qualitative information related to said points of interest; and
>
> at least one server storing computer instructions configured to:
>
> create an account on said mapping system for at least one of said plurality of users having at least one of said plurality of computing devices;
> store personalized points of interest selected by said at least one of said plurality of users;
>
> display website addresses related to said points of interest within said GUI;
>
> wherein said website address configured to, responsive to a user interaction therewith, connect one of said plurality of computing devices to a website associated with one of the points of interest to facilitate a transaction therewith, without requiring said at least one of said plurality of users to navigate to said website from outside of said GUI;

> perform a point of interest search, wherein results from said search are configured to be filtered by their qualitative information; and
>
> allow a trusted party, wherein a trusted party comprises a manager or owner of the point of interest, or authorized individual, or otherwise trustworthy person, to update the location and qualitative information of said point of interest;
>
> wherein said mapping information is configured to be accessible by said plurality of users with said plurality of computing devices, each of said plurality of computing devices with said GUI provided by an internet browser or a mapping application.

Microsoft's Accused Products meet the recited elements of the invention claimed above, as shown in the claim chart attached as Ex. 4.

43. Microsoft committed these infringing activities without license from Never-Search. Microsoft's acts of infringement have damaged Never-Search as owner of the '903 Patent. Never-Search is entitled to recover from Microsoft the damages it has sustained due to Microsoft's wrongful acts in an amount subject to proof at trial. The infringement of the '903 Patent by Microsoft has damaged and will continue to damage Plaintiff.

44. Microsoft's infringement of the '903 Patent has been willful, and continues to be willful. In addition, or in the alternative, Microsoft's infringement of the '903 Patent is willful at least of the date of the service of this Complaint.

**Count V: Infringement of U.S. Patent No. 9,152,981 ("'981 Patent")**

45. All preceding factual allegations are incorporated as if fully set forth herein.

46. The USPTO duly and legally issued the '981 Patent to Mr. Keith Kreft as the named inventor, who assigned all rights, titles, and interests in the '981 Patent to Never-Search.

47. The '981 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

48. Microsoft has directly infringed and continues to directly infringe, literally and/or under the doctrine of equivalents, the '981 Patent. The infringing acts include, but are not limited to, the make, use, sale, and/or offer to sale of Accused Products that practice the claimed invention of the '981 Patent. For example, Claim 9 of the '981 Patent recites:

> A method comprising:

  displaying a geographical map on a computer display, wherein the geographical map includes a plurality of selectable points of interest; and

  based on a selection of one of the selectable of said plurality of points of interest, displaying on said computer display a list of advertisements associated with the selected one of the plurality of points of interest.

Microsoft's Accused Products meet the recited elements of the invention claimed above, as shown in the claim chart attached as Ex. 5.

49. Microsoft committed these infringing activities without license from Never-Search. Microsoft's acts of infringement have damaged Never-Search as owner of the '981 Patent. Never-Search is entitled to recover from Microsoft the damages it has sustained due to Microsoft's wrongful acts in an amount subject to proof at trial. The infringement of the '981 Patent by Microsoft has damaged and will continue to damage Plaintiff.

Microsoft's infringement of the '981 Patent has been willful, and continues to be willful. In addition, or in the alternative, Microsoft's infringement of the '981 Patent is willful at least of the date of the service of this Complain.

## JURY DEMAND

50. Never-Search hereby demands a trial by jury on all issues.

## PRAYER

Wherefore, Never-Search prays for entry of judgment as follows:

51. A judgment in favor of Never-Search that Microsoft has infringed and is infringing, either literally and/or under the doctrine of equivalents, the Asserted Patents;

52. A judgment in favor of Never-Search that Microsoft's infringement has been and continues to be willful; in the alternative, a judgment in favor of Never-Search that Microsoft's infringement is willful and continues to be willful as of the date of this Complaint;

53. An award of damages in favor of Never-Search adequate to compensate Never-Search for Microsoft's infringement of the Asserted Patents which shall in no event be less than a reasonable royalty, together with interest and cost as fixed by the court pursuant to 35 U.S.C. § 284;

54. An award of enhanced damages in favor of Never-Search against Microsoft for up to three times the award of actual damages for Microsoft's willful infringement of the Asserted Patents pursuant to 35 U.S.C. § 284;

55. An award of an ongoing royalty for Microsoft's post-judgment infringement in the event a permanent injunction is not granted;

56. An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law in an amount deemed just and appropriate by the Court;

57. An award of costs and expenses as deemed appropriate by the Court; and

58. Any other legal or equitable relief to which Never-Search is justly entitled.

Dated: July 1, 2024

Respectfully submitted,

/s/
Mateo Z. Fowler (CA Bar No. 241295)
**MZF Law Firm, PLLC**
12121 Wilshire Blvd. Suite 805
Los Angeles, CA 90025
Telephone: (281) 546-5172

/s/
Jason S. McManis
(pending pro hac vice)
Weining Bai
(pending pro hac vice)
**AHMAD, ZAVITSANOS & MENSING, PLLC**
1221 McKinney Street, Suite 2500
Houston, Texas 77010
(713) 655-1101
jmcmanis@azalaw.com
wbai@azalaw.com

*Attorneys for Plaintiff* **Never-Search, Inc.**